UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANITA MANGO,

Plaintiff,  CASE NO.:6:16CV1010-ORL-28TBS

-VS-

PROG LEASING, L.L.C. d/b/a
PROGRESSIVE LEASING,

Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, Anita Mango, by and through the undersigned counsel, and sues Defendant, Prog Leasing, L.L.C. d/b/a Progressive Leasing (hereinafter "Progressive"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Progressive from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our

1

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. Venue is proper in this District as Plaintiff resides within this District (Seminole County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Seminole County, Florida.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Seminole County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, Progressive, is a corporation which was formed in Delaware with its principal place of business located at 10619 South Jordan Gateway, Suite 100, South Jordan, UT 84095.

14. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. Progressive called Plaintiff on Plaintiff's cellular telephone approximately one hundred and fifty (150) times since June 1, 2012 in an attempt to collect a debt.

16.     Progressive attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

17.     Progressive intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line from Progressive.

19.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (407) ***-7827, and was the called party and recipient of Defendant's calls.

20.     Plaintiff does not currently, nor has ever, had any business or account with Progressive.

21.     Beginning on or about June 1, 2012, Progressive began bombarding Plaintiff's cellular telephone (407) ***-7827 in an attempt to collect on an unknown account for a "Steve Mango."

22. Steve Mango is the son of Plaintiff, however Plaintiff never signed anything for her Son, nor did she ever provide her cellular telephone number to Progressive.

23. At no point did Progressive ever have permission or authority to call Plaintiff's cellular telephone number.

24. On multiple occasions Plaintiff would answer calls from Progressive on her cellular telephone and inform Progressive's agents that she is not Steve, Steve cannot be reached at her number, to remove her cellular telephone number from their system and stop calling her. Several times agents from Progressive would apologize to Plaintiff for calling her.

25. Plaintiff's repeated requests fell on deaf ears as Progressive continued to place automated calls to her cellular telephone number looking for Steve Mango.

26. While Progressive has never had express permission to play telephone calls to Plaintiff's cellular telephone, Plaintiff's repeated requests for a cessation of calls were clear and unequivocal revocation of any permission Progressive may have believed it possessed.

27. Due to the volume and time period over which she received automated calls, Plaintiff was not able to properly catalogue each and every call from Progressive, however attached hereto as **Exhibit 1** is a small sampling.

28. Progressive has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

29. Progressive has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Progressive, to remove the number.

30. Progressive's corporate policy is structured so as to continue to call individuals like Plaintiff; despite these individuals explaining to Progressive they wish for the calls to stop.

31. Progressive has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

32. Progressive has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

33. Progressive has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

34. Progressive's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

35. Progressive has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

36. Not a single call placed by Progressive to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37. Progressive willfully and/or knowingly violated the TCPA with respect to Plaintiff.

38. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, aggravation, increased high blood pressure due to said stress and calls during the evening waking her from sleep.

## COUNT I
### (Violation of the TCPA)

39. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

40. Progressive willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Progressive that she wished for the calls to stop.

41. Progressive repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Progressive for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

42. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

43. At all times relevant to this action Progressive is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

44. Progressive has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

45. Progressive has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

46. Progressive has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate by repeatedly contacting Plaintiff over a debt which she is not obligated to pay for.

47. Progressive's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Progressive for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
tgomez@forthepeople.com
Florida Bar #: 0338620
Attorney for Plaintiff