UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ANITA MANGO,<br><br>Plaintiff,<br>v.<br><br>PROG LEASING, L.L.C. d/b/a PROGRESSIVE LEASING,<br><br>Defendant. | **Case No.: 6:16-cv-1010-ORL-28TBS** |

**DEFENDANT PROG LEASING LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Prog Leasing LLC d/b/a Progressive Leasing ("Progressive"), by its undersigned counsel, hereby serves its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Anita Mango ("Plaintiff").

1. Denied as Paragraph 1 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 1 of the Complaint.

2. Denied as Paragraph 2 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 2 of the Complaint.

3. Denied as Paragraph 3 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 3 of the Complaint.

4. Denied as Paragraph 4 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 4 of the Complaint.

**JURISDICTION AND VENUE**

5. Admitted only that Plaintiff purports to bring a lawsuit in excess of $15,000.00, exclusive of interest, attorney's fees and costs, but denied that Plaintiff is entitled to any relief whatsoever.

6. Denied as Paragraph 6 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 6 of the Complaint.

7. Denied as Paragraph 7 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 7 of the Complaint.

8. Denied as Paragraph 8 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 8 of the Complaint.

**FACTUAL ALLEGATIONS**

9. Without knowledge as to the allegations in Paragraph 9 of the Complaint and thus, denied.

10. Denied as Paragraph 10 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 10 of the Complaint.

11. Denied as Paragraph 11 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 11 of the Complaint.

12. Denied as Paragraph 12 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 12 of the Complaint.

13. Denied as to the allegations in Paragraph 13 of the Complaint.

14. Denied as Paragraph 14 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 14 of the Complaint.

15. Denied as to the allegations in Paragraph 15 of the Complaint.

16. Denied as to the allegations in Paragraph 16 of the Complaint.

17. Denied as to the allegations in Paragraph 17 of the Complaint.

18. Denied as Paragraph 18 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 18 of the Complaint.

19. Without knowledge as to the allegations in Paragraph 19 of the Complaint and thus, denied.

20. Denied as Paragraph 20 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 20 of the Complaint.

21. Denied as to the allegations in Paragraph 21 of the Complaint.

22. Denied as to the allegations in Paragraph 22 of the Complaint.

23. Denied as to the allegations in Paragraph 23 of the Complaint.

24. Denied as to the allegations in Paragraph 24 of the Complaint.

25. Denied as to the allegations in Paragraph 25 of the Complaint.

26. Denied as Paragraph 26 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 26 of the Complaint.

27. Without knowledge as to the allegations in Paragraph 27 of the Complaint and thus, denied.

28. Denied as to the allegations in Paragraph 28 of the Complaint.

29. Denied as to the allegations in Paragraph 29 of the Complaint.

30. Denied as to the allegations in Paragraph 30 of the Complaint.

31. Denied as to the allegations in Paragraph 31 of the Complaint.

32. Denied as to the allegations in Paragraph 32 of the Complaint.

33. Denied as to the allegations in Paragraph 33 of the Complaint.

34. Denied as to the allegations in Paragraph 34 of the Complaint.

35. Denied as to the allegations in Paragraph 35 of the Complaint.

36. Denied as Paragraph 36 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 36 of the Complaint.

37. Denied as Paragraph 37 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 37 of the Complaint.

38. Denied as Paragraph 38 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 38 of the Complaint.

**COUNT I**
**(Violation of the TCPA)**

39. Progressive reasserts its responses to Paragraphs 1-38 as if fully set forth herein.

40. Denied as Paragraph 40 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 40 of the Complaint.

41. Denied as Paragraph 41 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 41 of the Complaint.

**COUNT II**
**(Violation of the FCCPA)**

42. Progressive reasserts its responses to Paragraphs 1-41 as if fully set forth herein.

43. Denied as Paragraph 43 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 43 of the Complaint.

44. Denied as Paragraph 44 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 44 of the Complaint.

45. Denied as Paragraph 45 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 45 of the Complaint.

46. Denied as Paragraph 46 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 46 of the Complaint.

47. Denied as Paragraph 47 of the Complaint is a legal conclusion to which no response is required. To the extent a further response is required, Progressive denies the allegations in Paragraph 47 of the Complaint.

## FIRST DEFENSE

As a First Affirmative Defense, Progressive states that the TCPA claims are barred to the extent that Plaintiff cannot meet the injury-in-fact requirement for standing under Article III of the Constitution which requires Plaintiff to allege an injury that is both concrete and particularized. *See Spokeo v. Robins*, 136 S. Ct. 1540 (2016)

## SECOND DEFENSE

As a Second Affirmative Defense, Progressive states that the TCPA claims are barred to the extent Progressive had consent to call the cellular telephone at issue.

**THIRD DEFENSE**

As a Third Affirmative Defense, Progressive states that the TCPA claims are barred to the extent Plaintiff was an authorized user on the subject account.

**FOURTH DEFENSE**

As a Fourth Affirmative Defense, Progressive states that the TCPA claims are barred to the extent Plaintiff failed to reasonably revoke consent to call the cellular telephone at issue.

**FIFTH DEFENSE**

As a Fifth Affirmative Defense, Progressive states that the TCPA claims are barred to the extent that Plaintiff seeks to recover damages for any TCPA violations barred by the applicable statute of limitations.

**SIXTH DEFENSE**

As a Sixth Affirmative Defense, Progressive states that the TCPA does not authorize the recovery of attorney's fees.

**SEVENTH DEFENSE**

As to the Seventh Affirmative Defense, Progressive states that the TCPA as applied here is unconstitutional and violates the First Amendment. *See, e.g., Cahaly v. Larosa*, 796 F.3d 399 (4th Cir. 2015); *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015).

**EIGHTH DEFENSE**

As to the Eighth Affirmative Defense, Progressive states that to the extent that Plaintiff's claim for damages seeks "willful" damages, that claim is barred as no calls were made in knowing violation of the TCPA and/or without consent.

**NINTH DEFENSE**

As to the Ninth Affirmative Defense, Progressive states that Plaintiff's claims under the TCPA are barred due to an absence of any actual damages. Hence, any statutory damages are in

excessive fine and violate Progressive's rights under the Due Process and Takings Clauses of the United States Constitution and/or applicable constitutions.

**TENTH DEFENSE**

As to the Tenth Affirmative Defense, Progressive states that Plaintiff's claims under the TCPA are barred because the alleged calls were not made using an automatic telephone dialing system and/or predictive dialer and said calls were made with significant human intervention.

**ELEVENTH DEFENSE**

As to the Eleventh Affirmative Defense, Progressive states that Plaintiff's claims under the TCPA are barred because the claim was released.

**TWELFTH DEFENSE**

As to the Twelfth Affirmative Defense, Progressive states that Plaintiff's claims under the TCPA are barred because Progressive acted in good faith.

**THIRTEENTH DEFENSE**

As to the Thirteenth Affirmative Defense, Progressive states that Plaintiff's claims are subject to a binding arbitration agreement. By filing this Answer, Progressive has not waived its right to seek to compel arbitration of Plaintiff's claims.

**FOURTEENTH DEFENSE**

As to the Fourteenth Affirmative Defense, Progressive states that Plaintiff's claims under the FCCPA are barred due to her absence of actual damages.

**FIFTEENTH DEFENSE**

As to the Fifteenth Affirmative Defense, Progressive states that Plaintiff's claims under the FCCPA are barred by the statute of limitations

**SIXTEENTH DEFENSE**

As to the Sixteenth Affirmative Defense, Progressive states that the claims are barred as Plaintiff failed to mitigate her damages.

**SEVENTEENTH DEFENSE**

As to the Seventeenth Affirmative Defense, Progressive states that the Complaint fails to state a claim upon which relief may be granted.

**RESERVATIONS OF RIGHTS**

Progressive reserves the right to modify and/or supplement its affirmative defenses as further information becomes available as the case progresses, in accordance with the deadlines set forth in the Court's scheduling order.

Dated: Philadelphia, Pennsylvania
July 6, 2016

BALLARD SPAHR LLP

By: /s/ *Jenny N. Perkins*

Jenny N. Perkins, Esquire
Florida Bar No. 77570
perkinsj@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Fl.
Philadelphia, PA 19103

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 6, 2016, a true and correct copy of the foregoing was served via the CM/ECF system on Octavio "Tav" Gomez, Esq., Morgan & Morgan, P.A., One Tampa City Center, 201 North Franklin Street, 7th Floor, Tampa, Florida, 33602.

*/s/ Jenny N. Perkins*

Jenny N. Perkins